UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHERMAN SHELBY STARTZ,

Plaintiff(s),

v.

DEPARTMENT OF DEFENSE, et al.,

Defendant(s).

CASE NO. C25-6121-KKE

28 U.S.C. § 1915 SCREENING ORDER

Plaintiff Sherman Shelby Startz, representing himself, filed this action and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. United States Magistrate Judge Grady J. Leupold granted Plaintiff's IFP application on December 22, 2025, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B) before summons are issued. Dkt. No. 4. Startz has additionally filed two identical applications requesting the Court appoint counsel to represent him in this action. Dkt Nos. 16, 17. For the reasons below, the Court dismisses Startz's complaint with leave to amend (Dkt. No. 5), and denies Startz's motions to appoint counsel (Dkt. Nos. 16, 17).

## I.   ANALYSIS

A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

28 U.S.C. § 1915 SCREENING ORDER - 1

relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

In this case, Plaintiff brings claims against the Department of Defense, Department of the Army, the Department of Defense Hotline Office, the Department of Criminal Investigative Service, and the United States Army under the Administrative Procedure Act ("APA") and the Privacy Act.  Dkt. No. 5 at 1.  Startz also refers to requests he submitted under the Freedom of Information Act ("FOIA"), which the Court construes as a separate claim for relief.  Dkt. No. 5 at 3.  Startz does not seek monetary relief, and instead seeks only to "obtain full disclosure and review of all agency actions … related to any disclosure, report, complaint, communication, allegation, or protected disclosure Plaintiff made at any time[.]"  Dkt. No. 5 at 1–2.  Plaintiff alleges that he "made multiple protected disclosures" which "triggered internal actions," that are the subject of this lawsuit. *Id.* at 3.

As recommended by Judge Leupold (Dkt. No. 4), the Court has reviewed Plaintiff's complaint. For the reasons below, the Court finds that Startz fails to state any claim upon which relief may be granted, warranting dismissal of his complaint without prejudice.

## A.    APA Claims

The APA provides two avenues through which a plaintiff may seek equitable relief. A court may "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), or "hold unlawful and set aside agency action" that is, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," *id.* § 706(2). Plaintiff brings claims under both sections. *See* Dkt. No. 5 at 3–4.

The Court turns to Plaintiff's challenge under section 706(2). "To bring a claim under 5 U.S.C. § 706(2), [a] plaintiff[] must identify a final agency action upon which the claim is based." *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 593 F.3d 923, 930 (9th Cir. 2010); 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). An agency action is final if two conditions are met: (1) "the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature," and (2) "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citation omitted). Here, though Startz makes sweeping challenges to "all agency actions," *see* Dkt. No. 5 at 3, he fails to identify any *final* agency action upon which his claims are based, thereby precluding judicial review. *Hells Canyon*, 593 F.3d at 930; *see Sw. Airlines Co. v. Dep't of Transp.*, 832 F.3d 270, 275 (D.C. Cir. 2016). Thus, Startz's claim under Section 706(2) fails.

The Court turns to Startz's claim under section 706(1), which "can proceed" only if Startz "asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton*

28 U.S.C. § 1915 SCREENING ORDER - 3

*v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). As previously described, Startz generally asserts the named Defendants were required to provide various records and lodges a broad challenge to "all agency action related to" several non-descript categories of activities. Dkt. No. 5 at 3. Crucially, Startz has not identified any "discrete" action any named Defendant must have taken—nor has he provided any authority under which the named agencies were required to have acted. *Norton*, 542 U.S. at 64. "[T]he only agency action that can be compelled under the APA is action *legally required*." *Id.* (emphasis in original). Because Startz fails to identify any particular agency action that any named Defendant was "legally required" to take, his claim for relief under Section 706(1) also fails.

**B.      Privacy Act Claims**

Startz also brings claims under the Privacy Act, and references FOIA once in his complaint. "Under both the Privacy Act and FOIA, a requester generally must exhaust administrative remedies by fulfilling an agency's administrative appeals requirements as set forth in its regulations before turning to the courts." *Haleem v. U.S. Dep't of Def.*, CV 23-1471 (JEB), 2024 WL 230289 (D.D.C. Jan. 22, 2024) (citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990)); *see Hewitt v. Grabicki*, 794 F.2d 1373, 1377 (9th Cir. 1986); *see also Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028 (9th Cir. 2024). As written, Startz's complaint alleges no facts supporting that he has satisfied either the Privacy Act's or FOIA's administrative exhaustion requirements. "For instance, the complaint does not allege that Plaintiff filed a request for records to any government agency, what records he requested, whether the agency acted on his request, or whether Plaintiff administratively appealed the agency's determination as required before suing." *LeVigne v. Sides*, C25-1816-KKE, 2025 WL 3055178, at *2 (W.D. Wash. Oct. 31, 2025). Thus, Plaintiff fails to state a claim under either the Privacy Act or FOIA.

28 U.S.C. § 1915 SCREENING ORDER - 4

In sum, Startz fails to state any claim on which relief may be granted. Therefore, summons will not issue and this litigation cannot proceed.

**C.      Startz's Motion to Appoint Counsel is Denied.**

Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

Startz filed two identical motions to appoint counsel using the form application approved for use in this district. *See* Dkt. Nos. 16, 17. Startz contends that he has been unable to locate an attorney who is willing to represent him. Dkt. No. 16 at 2. As to the merits, Startz answered the question "Has [any] … state or federal agency officially determined whether there is reasonable cause to believe that the allegations of his complaint are true?" in the affirmative, identifying the agency which made the finding as "Office of Special Coun[sel] (sic)." *Id.* Startz, however, fails to provide "the conclusion the agency reached." *Id.*

The Court has no reason to question Startz's assertions but finds them inadequate to establish exceptional circumstances for purposes of appointing counsel. Startz has not shown, nor does the Court find, that this case involves complex facts or law. Startz has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown that he is likely to succeed on the merits of this case. As such, the Court finds that Startz has failed to show the appointment of counsel is appropriate at this time, and will thus deny both of Startz's applications to appoint counsel. Dkt. Nos. 16, 17.

28 U.S.C. § 1915 SCREENING ORDER - 5

## II.   CONCLUSION

For the foregoing reasons, it is ORDERED that:

1) Plaintiff's complaint (Dkt. No. 5) is DISMISSED without prejudice and WITH LEAVE TO AMEND;

2) Plaintiff must file a Second Amended Complaint by May 27, 2026; and

3) Plaintiff's motions to appoint counsel are DENIED (Dkt. Nos. 16, 17).

The clerk shall mail Plaintiff a copy of this order along with a copy of the Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 27th day of April, 2026.

Kymberly K. Evanson
United States District Judge

28 U.S.C. § 1915 SCREENING ORDER - 6